UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., <br><br> Plaintiff, <br> v. <br><br> WOODFIELD NISSAN, INC., and <br> ROY CARR, <br><br> Defendants. | Case No. 23-CV-16084 <br><br> Judge Martha M. Pacold <br><br> Mag. Judge Heather K. McShain |

### DEFENDANT WOODFIELD NISSAN, INC.'S MOTION TO DISMISS

Defendant, Woodfield Nissan, Inc. ("*Woodfield Nissan*"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff Nissan North America, Inc.'s ("*NNA*") Complaint (Doc. # 1) with prejudice. In support, Woodfield Nissan submits its contemporaneously filed memorandum in support of its motion (the "*Memorandum*") and states as follows:

1. NNA, a manufacturer and distributor of motor vehicles, filed a three-count complaint (Doc. # 1, the "Complaint") against Woodfield Nissan, one of its authorized Nissan dealers, alleging that Woodfield Nissan, through the actions of a former service manager, Defendant Roy Carr, engaged in a scheme to defraud NNA in connection with warranty repair claims discovered during an audit conducted by NNA **on September 24, 2018**. NNA also brings a separate claim (Count IV – Unjust Enrichment) against Defendant Carr only.

2. NNA's claims against Woodfield Nissan are time-barred. Under the parties' written dealer sales and service agreement (the "*Dealer Agreement*"), the parties expressly agreed to apply California law, including, specifically, California limitations periods, to all questions concerning their rights and obligations, which include all of NNA's claims in this case. (Compl., Ex. 1 at 79, § 17.F). For claims grounded in fraud, California applies a three-year limitations period (Cal.

Code Civ. P. 338(d)). This statute applies to all claims grounded in fraud, even when couched as a breach of contract claim. Accordingly, on the face of NNA's Complaint, NNA's claims became time-barred on **September 23, 2021**, three-years after the audit alleged in the Complaint. This was well prior to any tolling agreement between the parties or any action commenced by NNA. Accordingly, NNA's claims should be dismissed.

3. NNA's claims also fail to satisfy the heightened pleading standard for fraud-based claims under Fed. R. Civ. P. 9(b). This rule requires plaintiffs to plead the "who, what, when, where, and how" of the alleged fraud supporting its claims. *See United States ex rel. Gross v. Aids Research Alliance-Chicago,* 415 F.3d 601, 605 (7th Cir. 2005) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). NNA fails to plead sufficient facts to support a fraud claim against Woodfield Nissan, and the "examples" of the alleged fraud provided in the Complaint lack factual specificity to establish the "who, what, when, where and how" of the alleged fraud.

4. **BRIEFING SCHEDULE**: This motion is opposed. Pursuant to the Court's Motion Procedures, counsel for Woodfield Nissan, Inc. has conferred with counsel for NNA, and submits the following proposed briefing schedule:

   a. Plaintiff NNA to Respond to the Motion on or by **February 29, 2024**;

   b. Defendant Woodfield Nissan to reply in support of the Motion on or by **March 21, 2024**.

WHEREFORE, Woodfield Nissan respectfully requests that this Court enter an order dismissing Counts I-III of NNA's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for such other and further relief as the Court deems just and proper.

Date: January 19, 2024                                Respectfully submitted,

                                                  **WOODFIELD NISSAN, INC.**

                                                  By:   */s/ Eric P. VanderPloeg*
                                                             One of Its Attorneys

Ira M. Levin (ilevin@burkelaw.com)
Eric P. VanderPloeg (evanderploeg@burkelaw.com)
Chase E. Bullock (cbullock@burkelaw.com)
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Tel.: (312) 840-7000
*Attorneys for Woodfield Nissan, Inc.*

4872-7825-7823

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on the 19th day of January, 2024, he caused the foregoing **DEFENDANT WOODFIELD NISSAN, INC.'S RULE 12(b)(6) MOTION TO DISMISS** to be filed electronically with the United States District Court for the Northern District of Illinois via the Court's CM/ECF filing system, and to be served by the same system on all counsel of record:

Gino Bulso
Paul Krog
Bulso, PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
gbulso@bulso.com
pkrog@bulso.com

                                                                       */s/ Eric P. VanderPloeg*