IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

NISSAN NORTH AMERICA, INC.,

   Plaintiff,

v.

WOODFIELD NISSAN, INC., and ROY CARR,

   Defendants.

Case No. 1:23-cv-16084
JURY DEMAND

## MOTION TO AMEND AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The Plaintiff, Nissan North America, Inc. ("NNA"), respectfully requests leave to amend the Complaint in accordance with the proposed Amended Complaint attached hereto as **Exhibit 1**.

As further grounds for this motion, Plaintiff states:

1. This litigation features claims to recover for the defendants' fraudulent warranty practices. Plaintiff filed this lawsuit on November 17, 2023. (*See* Dkt. 1.) The defendant, Woodfield Nissan, LLC ("Woodfield"), moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12 on January 19, 2024, arguing, in part, that California law governs the claims. (*See* Dkt. 15; *see also* Dkt. 16, PID 196–199.) Plaintiff, conversely, contended that California law only governed the contract-based claims. (*See* Dkt. 18, PID 255–258.)

2. The Court heard oral argument on August 7, 2024, and ruled from the bench at the conclusion thereof, granting the motion in part and denying it in part.

(*See* Dkt. 23.) In its ruling, the Court held that California law, by virtue of the choice-of-law provision in the contract governing the parties' relationship, applies to "almost all disputes between the parties." (*See* Dkt. 32 at 60:3–65:8.) In accordance with this ruling, Plaintiff respectfully moves the Court for leave to amend the Complaint to add a claim pursuant to California's Unfair Competition Law based on Woodfield's same conduct.

3. Federal Rule of Civil Procedure 15(a)(2) provides that when a party moves to amend its pleadings "the court should freely give leave when justice so requires." Rule 15(a)(2)'s mandate originates in the principle that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *See* **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Absent some compelling reason—such as undue or intentional delay, bad faith, repeated failure to cure deficiencies with previous amendments, futility, or prejudice to the opposing party—the leave sought should, as Rule 15(a)(2) provides, be freely given. ***Id***; *see also* ***Olech v. Village of Willowbrook***, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000). The determination is in the Court's sound discretion, *see* ***McDaniel v. Loyola Univ. Med. Ctr.***, 317 F.R.D. 72, 76 (N.D. Ill. 2016), though "denials [of such motions] are disfavored." ***Bausch v. Stryker Corp.***, 630 F.3d 546, 562 (7th Cir. 2010).

4. Here none of the factors that justify a denial is present. This litigation has not progressed past the pleadings stage, Plaintiff has not previously sought an amendment, and the motion has been timely filed in accordance with the Court's case-management Order. (*See* Dkt. 27; Dkt. 37.) "[A] motion to amend that is filed within

the deadline to do so will almost always be granted." ***Westwood One LLC v. Local Radio Networks LLC***, No. 1:21-cv-00088-HAB-SLC, 2023 WL 7273553, at *5 (N.D. Ind. Nov. 2, 2023).

5. Written discovery is not due to be completed until February 15, 2025; oral discovery does not need to be completed until May 15, 2025; and dispositive motions do not need to be filed until November 14, 2025. (*See* Dkt. 27.) This case has not yet been set for trial. Therefore, no prejudice will result because of the amendment. *Cf.* ***id.*** at *6 (holding that amendment did not cause prejudice when a trial date had not been set and discovery was to remain open for an additional seven months).

6. This is particularly so here where Plaintiff only seeks to add a legal claim under California law. No new factual allegations have been added, and it is unlikely that the claim will require significant additional discovery. *Cf.* ***Fermaint v. Planet Home Lending LLC***, No. 18 C 07325, 2020 WL 1888915, at *3 (N.D. Ill. Apr. 16, 2020) (finding no prejudice would result from amendment even were discovery had closed because the claim was based on the same set of facts and thus any additional discovery would not be extensive or costly).

7. Additionally, Plaintiff's proposed amendment is consistent with the Court's legal conclusion that California law applies to nearly all disputes between the parties, including tort-based claims. In such circumstances, an amendment is proper. *Cf.*, *e.g.*, ***Cotiviti Inc. v. Deagle***, 501 F. Supp. 3d 243, 264 (S.D. N.Y. 2020) (granting,

*sua sponte*, leave to amend to plaintiff whose allegations were insufficient where it argued that Connecticut law applied, and the court held that Georgia law applied).

8. Accordingly, the Court should grant Plaintiff's motion and allow it to amend the operative complaint to add a claim based on Woodfield's violation of California's Unfair Competition Law.

Respectfully submitted,

s/ Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (No. 12005)
Paul J. Krog (No. 29263)
BULSO PLC
155 Franklin Road, Suite 400
Brentwood, Tennessee 37027
(615) 913-5191
gbulso@bulso.com
pkrog@bulso.com
*Attorneys for Nissan North America, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served by electronic means on the following on this day, November 29, 2024:

Ira M. Levin
Eric P. VanderPloeg
Christopher A. Verdugo
BURKE, WARREN, MACKAY & SERRITELLA PC
330 North Wabash Ave.
21st Floor
Chicago, IL 60611
312-840-7000
ilevin@burkelaw.com
evanderploeg@burkelaw.com
cverdugo@burkelaw.com
*Counsel for Woodfield Nissan Inc.*

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr.
