UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NISSAN NORTH AMERICA, INC., | |
| Plaintiff, | Case No. 23-CV-16084 |
| v. | Judge Martha M. Pacold |
| WOODFIELD NISSAN, INC., and ROY CARR, | Mag. Judge Heather K. McShain |
| Defendants. | |

**DEFENDANT WOODFIELD NISSAN, INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Woodfield Nissan, Inc. ("***Woodfield Nissan***"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff Nissan North America, Inc.'s ("***NNA***") Amended Complaint (**Dkt**. # 45). In support, Woodfield Nissan submits its contemporaneously filed memorandum in support of its motion (the "***Memorandum***") and states as follows:

1. NNA has filed an Amended Complaint (**Dkt**. # 45, the "Amended Complaint") alleging that Woodfield Nissan, through the actions of a former service manager, Defendant Roy Carr, engaged in a scheme to defraud NNA in connection with warranty repair claims submitted to NNA during a four-year prior between **January 1, 2016 and December 31, 2019**. (*Id.*, ¶ 27.) NNA alleges in the Amended Complaint that it discovered evidence of the scheme during an audit conducted by NNA on **September 24, 2018**. (*Id.*, ¶¶ 25, 38.)

2. Previously, on August 7, 2024, this Court partially granted Woodfield Nissan's prior motion to dismiss NNA's originally claims based on California's three-year statute of limitations (Cal. Code Civ. P. § 338(d)), which had been selected by the parties pursuant to the written dealer agreement between them, finding that claims that had expired prior to the effective date of a tolling agreement (August 31, 2022) should be dismissed. (Dkt. # 23.) Thus, claims that accrued more than three years earlier (*i.e.,* on or before **August 31, 2019**) have been dismissed.

3.     In the Amended Complaint, NNA reasserts the entire four years of its common law claims in **Counts I – III** against Woodfield Nissan, including those claims that the Court previously dismissed—*i.e.,* claims accruing on or prior to August 31, 2019. In addition, NNA adds a new cause of action in **Count V** under California's Unfair Competition Law ("UCL") seeking damages for the entirety of the same four-year period.

4.     NNA's claims against Woodfield Nissan in the Amended Complaint should now be dismissed in their entirety. *First*, any remaining claims under Counts I – III (those accruing after August 31, 2019 through December 31, 2019) are themselves time-barred and should also be dismissed under California's three-year limitation period applicable to claims grounded in misrepresentations. Cal. Code Civ. P. § 338(d). The limitations period continued to run after the expiration of the parties' tolling agreement on June 28, 2023 and, as a result, the remaining four months of claims were also barred prior to the commencement of this action in Illinois on November 17, 2023 (see Exhibit 2 to Memorandum). NNA's argument that Illinois's Savings Statute (735 ILCS 5/12-217) preserves these claims based on the voluntary dismissal of NNA's earlier lawsuit in Tennessee fails because the Savings Statute is only applicable to claims to which the Illinois statutes of limitation, themselves, apply. The claims in this case are governed by California's statute of limitations. Hence, NNA's claims were filed effective as of November 17, 2023, more than three years after the claims accrued in their entirety, even after excluding the tolling period from the calculation.

5.     *Second*, by the same token, NNA's new UCL claim in Count V is also untimely. Although that claim is governed by a four-year statute of limitations, it cannot relate back under Rule 15(c) to any claims that were, themselves, untimely. Because NNA's common law claims

2

were untimely when originally filed, the doctrine of relation back is inapplicable, and the Court can dismiss Count V with prejudice as time barred as well.

6. *Third*, even assuming for the sake of argument that Count V did relate back to NNA's November 17, 2023 filing, it would only do so with respect to claims that have not already been dismissed as untimely—*i.e.,* claims that accrued after August 31, 2019. Such a claim could not relate back to revive earlier claims, even with a longer limitations period. Moreover, even if the UCL claim *had been* filed on November 17, 2023, its four-year statute (even with the tolling period) would never have reached back to claims accruing any earlier than January 20, 2019. Moreover, Illinois's Savings Statute does not apply to the UCL claim (even assuming it did apply to NNA's common law claims), as the UCL claim was never previously pending in Tennessee, and it is unquestionably governed by a California limitation period built into the UCL itself. In this respect, the vast majority of NNA's UCL claim is untimely under any scenario and should be dismissed with respect to such untimely periods.

7. *Fourth*, NNA fails to plead facts that state a claim under the UCL. The UCL is intended to remedy harm to consumers or competitors of a defendant, not to remedy private economic harms between commercial parties in privity with each other. Yet, NNA is attempting to use the UCL claim to duplicate its common law causes of action and remedies, which are not covered by the UCL. Because NNA has failed to state a claim for relief under the UCL, Count V should be dismissed.

8. **BRIEFING SCHEDULE**: In this Court's minute entry granting NNA's motion to amend their complaint. (**Dckt**. # 44), the following briefing schedule has already been entered on this motion:

   a. Defendant Woodfield's Nissan Motion to Dismiss the Amended Complaint is due on or by **January 28, 2025**;

  b. Plaintiff NNA's response to the Motion to Dismiss is due on or by **March 07, 2025**;

  c. Defendant Woodfield Nissan's reply in support of its Motion to dismiss is due on or by **March 21, 2025**.

WHEREFORE, Defendant Woodfield Nissan, Inc. respectfully requests that this Court enter an order dismissing, pursuant to Fed. R. Civ. P. 12(b)(6):

(a) Counts I, II, III and V of NNA's Amended Complaint with prejudice as time-barred based on the applicable California statutes of limitations;

(b) alternatively, dismissing Count V in its entirety based on failure to state a claim; or

(c) alternatively, dismissing Count V to the extent of any claims accruing on or before August 31, 2019 as time-barred; and

(d) for such other relief as the Court deems fair and just.

Date: January 28, 2025              Respectfully submitted,

                        **WOODFIELD NISSAN, INC.**

                        By:  */s/ Eric P. VanderPloeg*
                           One of Its Attorneys

Ira M. Levin (ilevin@burkelaw.com)
Eric P. VanderPloeg (evanderploeg@burkelaw.com)
Christopher A. Verdugo (CVerdugo@BurkeLaw.com)
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Tel.: (312) 840-7000
*Attorneys for Woodfield Nissan, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on the 28th day of January, 2025, he caused the foregoing **DEFENDANT WOODFIELD NISSAN, INC.'S RULE 12(b)(6) MOTION TO DISMISS** to be filed electronically with the United States District Court for the Northern District of Illinois via the Court's CM/ECF filing system, and to be served by the same system on all counsel of record:

Gino Bulso
Paul Krog
Bulso, PLC
155 Franklin Road, Suite 400
Brentwood, TN 37027
gbulso@bulso.com
pkrog@bulso.com

*/s/ Eric P. VanderPloeg*
